**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**DEMARCUS ALLEN**                                                  **PLAINTIFF**

**VS.**                                                    **CIVIL ACTION NO. 4:12cv27-LRA**

**DR. KIM, ET AL**                                                **DEFENDANTS**

### ORDER DISMISSING DR. KIM

Defendant Dr. Kim filed a Motion for Summary Judgment [27] based upon her contention that the applicable statute of limitations bars the claims of Demarcus Allen ["Plaintiff"] as to her. In support, Dr. Kim attached the transcript of the omnibus hearing conducted by the undersigned United States Magistrate Judge on the 18th day of October, 2012.

Jurisdiction of this case is based upon 42 U.S.C. § 1983. Plaintiff is incarcerated in the custody of the Mississippi Department of Corrections ("MDOC") in the East Mississippi Correctional Facility ("EMCF") in Meridian, Mississippi. According to Plaintiff's sworn testimony at the omnibus hearing, he was incarcerated in Parchman in 2006 and was treated there by Dr. Kim for callouses or corns on his feet. Plaintiff charges that Dr. Kim refused to cut off his callouses or corns. He contends that Dr. Kim's refusal to provide him this medical care violates his constitutional rights.

Plaintiff testified under oath that he has had no contact with Dr. Kim since 2006. The remainder of his claims are against the nurses at EMCF.

Plaintiff filed suit pursuant to 42 U.S.C. §1983, which provides no specified federal statute of limitations. For claims made pursuant to this civil rights statute, the limitations period is governed by the law of the state in which the action is filed. *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998). However, federal law governs the characterization of a section 1983 claim for limitations purposes, and the Supreme Court has held that a "simple, broad" characterization of all section 1983 claims for limitations purposes best fits the statute's remedial purposes. *Wilson v. Garcia*, 471 U.S.

261, 272, 279-280 (1985). Specifically the Court found that the characterization of all section 1983 actions as involving claims for personal injuries minimizes the risk that the choice of a state statute would not fairly serve the federal interests vindicated by the act. *Id.* The law is that each state's personal injury statute is the appropriate statute of limitations period to apply in section 1983 cases.

To determine the applicable statute, "federal courts borrow the forum state's general or residual personal injury limitations period." *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). For cases brought in Mississippi, the three-year statute of limitations of Miss. Code Ann. § 15-1-49 (Supp. 2005) applies to cases arising on or after July 1, 1989. *James v. Sadler*, 909 F.2d 834, 836 (5th Cir. 1990).

Plaintiff's testimony confirms that his last contact with Dr. Kim was in 2006. His Complaint was filed in this Court on February 13, 2012. To be timely, the Complaint should have been filed by at least December 31, 2009.

Plaintiff's claims against Dr. Kim are barred by Miss. Code Ann. § 15-1-49. Defendant Dr. Kim's Motion for Summary Judgment [27] is **granted**, and the Complaint is dismissed with prejudice as to her. The Clerk of the Court is directed to terminate Dr. Kim as a party to this lawsuit.

SO ORDERED, this the 10th day of September 2013.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE